

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

November 12, 1975

The Honorable Betty Cleland
Executive Secretary
Texas State Board of Examiners
  of Psychologists
108 W. 15th Street
Austin, Texas 78701

Opinion No. H- 735

Re: Definition of governmental
agency for purpose of the
Psychologists' Certification and
Licensing Act, article 4512c,
V. T. C. S.

Dear Mrs. Cleland:

You have requested our opinion concerning the scope and effect of
section 22 of the Psychologists' Certification and Licensing Act, article 4512c,
V. T. C. S. Section 22 establishes various exemptions from the application of
article 4512c, providing in part:

> Nothing in this Act shall be construed to apply to:
> (a) the activities, services and use of official title
> on the part of a person employed as a psychologist
> by any: (1) governmental agency, . . .(3) . . . or
> any hospital licensed by the Texas State Department
> of Health, including medical clinics associated with
> such hospitals and are organized as an unincorporated
> association. . . .

Your questions are:

> Are MH/MR centers which contract with the Department
> of Mental Health and Mental Retardation, some of which
> are private corporations, some of which are multiply-
> funded, governmental agencies? Are community agencies
> such as child welfare clinics, which are multiply-funded,
> "governmental agencies"?
>
> If a patient in an MH/MR center which is not administratively
> part of the Department of MH/MR is damaged by some
> action of an unlicensed person offering psychological services.
> to whom does that patient turn for redress in the case of a
> county MH/MR Center? In the case of a private corporation
> center? In the case of a multiply-funded center, subsisting
> on grants?

p. 3128

Article 5547-202, V. T. C. S. , provides for contracts between the Department of Mental Health and Mental Retardation and various public and private entities.  Article 5547-203, V. T. C. S. , authorizes the creation of community centers for mental health and mental retardation services. These centers may be formed only by local governmental units and are subject to control by those units.  The character of these centers as governmental agencies or political subdivisions has varied depending on the context.  In Attorney General Opinion H-291(1974)we noted that:

> Community centers have been held to be political subdivisions under statutes concerning social security coverage, Attorney General Opinion M-149 (1967) and unemployment compensation coverage, Attorney General Opinion M-1033(1971).  But they were determined to be neither "departments of the state government" for the purposes of Board of Control purchasing requirements, Attorney General Opinion M-316(1968), nor "units of government" for the purposes of the Texas Tort Claims Act, Attorney General Opinion M-538(1969).  The latter opinion held that community centers were merely component parts of units of government.  Attorney General Opinion M-1266(1972) held that community centers are agencies of the state, although not state agencies.

In Attorney General Opinion H-291 community centers were held to be political subdivisions for purposes of workmen's compensation.  And in Attorney General Opinion H-104(1973) these centers were held to be exempt from the child care licensing provisions of article 695c, section 8(a), V. T. C. S.  In light of the foregoing, in our opinion a community center created under the provisions of article 5547-203, V. T. C. S. , is a "governmental agency" within the meaning of section 22 of article 4512c, V. T. C. S.  See also Board  Adjustment of City of Fort Worth v. Stovall, 216 S. W. 2d 171 (Tex. Sup. 1949).  However, a private corporation does not become a governmental agency by contracting to render services to the government.  Davis v. Smith, 28 S. E. 2d 148 (Ga. 1943).  Accordingly, in our opinion a private corporation contracting with the Department  of Mental Health and Mental Retardation as a general matter is not a governmental agency under article 4512c, section 22.

Your second group of questions concern a  patient's remedy when damaged by an unlicensed person offering psychological services.  Under our resolution of your first question, a person working as a psychologist for a community center need not be licensed in that capacity.  Thus there would be no special liability

for failure to obtain a license.   However, under the Texas Torts Claims Act, article 6252-19, V.T.C.S., torts committed by an employee of such a center may be the responsibility of the creating governmental units.   Attorney General Opinion M-538(1969).   Of course, if a patient is injured, any recovery to which he is  entitled would depend on the facts of the  particular situation.   The identity of any defendent, the relief sought, and the theory of recovery advanced would depend on the facts of the case and undoubtedly would be determined by the patient and his private attorney.

## SUMMARY

A community center created under article 5547-203 is a governmental agency within the meaning of section 22 of article 4512c.   A private corporation does not become a governmental agency by virtue of a contract to provide services to the Department of Mental Health and Mental Retardation.

Torts committed by an employee of a community center created under article 5547-203 are the responsibility of the governmental units creating the center.   The liability of a private corporation and the recourse of a person damaged thereby depend upon the facts of the particular situation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: